### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSEPH W. SANFORD,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 20-376-RAW-KEW |
| | ) |
| **SCOTT CROW, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 17). Petitioner is a pro se prisoner who is attacking his conviction and sentence in Hughes County District Court Case No. CF-2012-141 for Unlawful Possession of Controlled Drug with Intent to Distribute (Count II), Trafficking - Methamphetamine (Count III), and Unlawful Possession of Drug Paraphernalia (Count IV) (Dkt. 18-2 at 1). He was sentenced to 15 years imprisonment for Count II, 30 years imprisonment for Count III, and one year imprisonment for Count IV. *Id.* The sentences were ordered to run consecutive to each other, and Petitioner was granted credit for time served. *Id.*

Petitioner raises four grounds for habeas corpus relief:

I. Petitioner was subject to illegal search and seizure (Dkt. 1 at 3).

II. Petitioner is not guilty of Trafficking under § 2-415 or Possession under § 2-402. *Id.* at 4.

III. Ineffective assistance of counsel at trial and on appeal. *Id.* at 4-5.

IV. Petitioner is not guilty of the full context of the underlying conviction. *Id.* at 6.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's Judgment and Sentence was affirmed by the Oklahoma Court of Criminal Appeals on August 26, 2015, in Case No. F-2014-739 (Dkt. 18-3). His conviction, therefore, became final on November 24, 2015, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on November 25, 2015, and it expired on November 25, 2016. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). As this was the Friday after Thanksgiving and the courthouse

was closed, Petitioner had until Monday, November 28, 2016, to file his petition.[1]  This habeas corpus petition, filed on June 13, 2016, was untimely.[2]

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending.  State procedural law determines whether an application for state post-conviction relief is "properly filed."  *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).  "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted).  Because Petitioner did not file any applications for post-conviction relief or seek any collateral review in the state courts prior to filing his habeas petition, he is not entitled to statutory tolling.

Petitioner asserts that "state imposed impediments toll the limitations period" (Dkt. 1 at 6), and he makes a similar argument in his response to the motion to dismiss (Dkt. 20).  He, however, does not acknowledge the untimeliness of his petition, stating "lack of access to courts applies." *Id.*  Petitioner provides no details concerning how he allegedly was denied access to the courts.  While a pro se petitioner is entitled to liberal construction, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Petitioner also fails to allege or argue equitable tolling.  Generally, equitable tolling

---

[1] *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[2] Under the federal prisoner mailbox rule, a pro se prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  *See also Burger v. Scott*, 317 F.3d 1133, 1137 n.3 (10th Cir. 2003).

requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to that relief.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 17) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 2nd day of March 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA